Recinos v. Garland

McCarthy, IJ
A040 427 185

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of August, two thousand twenty-two.

PRESENT:
> ROBERT D. SACK,
> DENNY CHIN,
> MICHAEL H. PARK,
> > *Circuit Judges.*

_____

FERNANDO RECINOS,
> *Petitioner,*

v.                                      18-594
                                        NAC
MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Stephen W. Manning, Immigrant Law
                         Group PC, Portland, OR.

FOR RESPONDENT:          Joseph H. Hunt, Acting Assistant
                         Attorney General; Leslie McKay,
                         Senior Litigation Counsel; Margot
                         L. Carter, Trial Attorney, Office

of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a decision of an immigration judge ("IJ"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED for lack of jurisdiction.

Petitioner Fernando Recinos, a native and citizen of Honduras, seeks review of an IJ's August 2017 decision concurring with the Department of Homeland Security's finding that Recinos did not establish a reasonable fear of persecution or torture. *In re Fernando Recinos,* No. A 040 427 185 (Immigr. Ct. N.Y.C. Aug. 14, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

Although neither Recinos nor the Government challenges our jurisdiction, "federal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011). Our jurisdiction is limited to review of petitions filed within 30 days of "final

order[s] of removal." 8 U.S.C. § 1252(a)(1), (b)(1).

We lack jurisdiction here. Recinos's September 2017 petition is not timely from his July 2001 removal order or the June 2017 reinstatement of that order. *See* 8 U.S.C. § 1252(b)(1); *Luna v. Holder*, 637 F.3d 85, 92 (2d Cir. 2011) ("Th[e] 30-day filing requirement is jurisdictional and is not subject to equitable tolling." (quotation marks omitted) (quoting *Ruiz-Martinez v. Mukasey*, 516 F.3d 102, 105-06 (2d Cir. 2008))). An IJ's reasonable-fear determination, such as the order challenged here, is not a final order of removal because it does "not determine whether the alien is deportable or order deportation," or "affect the validity of any determination regarding an alien's deportability or deportation." *Bhaktibhai-Patel v. Garland*, 32 F.4th 180, 190 (2d Cir. 2022) (cleaned up).

For the foregoing reasons, the petition for review is DISMISSED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court